**S.M.B. ENTERPRISES, INC., a Missouri Corporation, Plaintiff/Respondent,**

v.

**Robert K. GRAY, Harmon V. Koser and James Dozier, as Trustees of Lake Thunderbird, Defendants/Appellants.**

**No. 70373.**

Missouri Court of Appeals, Eastern District, Division Four.

Aug. 19, 1997.

David L. Baylard, Christopher W. Jensen, Briegel, Baylard, P.C., Union, for defendants/appellants.

Dale E. Doerhoff, Cook, Vetter, Doerhoff & Landwehr, Jefferson City, for plaintiff/respondent.

SIMON, Judge.

Robert K. Gray, Harmon V. Koser, and James E. Dozier (defendants), Trustees of Lake Thunderbird Subdivision (subdivision), appeal from the granting of summary judgment in favor of S.M.B. Enterprises, Inc. (plaintiff) in plaintiff's declaratory judgment action to have liens on its property voided and costs assessed against defendants.

On appeal, defendants contend that the trial court erred in granting plaintiff's motion for summary judgment because: (1) defendants' authority to assess property in the subdivision derives from the 1969 subdivision indenture recorded at the same time as the mortgage on plaintiff's lots, not the subdivision indenture recorded on April 23, 1975; and, even if plaintiff's lots were not subject to subdivision assessment under the April 23, 1975 document, plaintiff's priority was waived by the holder of the deed of trust's recognition of the existence of the subdivision in that G.H. Williams and his wife, the holders of the deed of trust, granted partial releases from the deed of trust every time a lot in the subdivision was sold and when the holder of the deed of trust foreclosed on the property, they described the property as lots in the subdivision; and (2) there was a genuine issue of material fact regarding whether plaintiff was merely the "alter ego" or "straw party" of the original mortgagor under the foreclosed deed of trust because all three corporations in the chain of title of five of the nine foreclosed lots were controlled by the same two officers and directors. We reverse and remand.

We review the record in the light most favorable to the party against whom judgment was entered. *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo.1993). Facts set forth by affidavit or otherwise in support of a party's motion are taken as true unless contradicted by the non-moving party's response to the summary judgment motion. *Id.* We accord the non-movant the benefit of all reasonable inferences from the record. *Id.*

Our review is essentially *de novo. Id.* On appeal, the criteria for testing the propriety of summary judgment are no different from the criteria which should be employed by the trial court to determine the propriety of sustaining the motion initially. *Id.* The propriety of summary judgment is purely an issue of law. *Id.* As the trial court's judgment is founded on the record submitted and the law, we need not defer to the trial court's order granting summary judgment. *Id.*

Plaintiff filed a petition in the Circuit Court of Franklin County seeking a declaration that certain subdivision assessments on lots owned by plaintiff were void. Prior to defendants' answer, plaintiff filed a Motion for Summary Judgment alleging that the assessments which the defendants attempted to impose upon the plaintiff's lots were void and of no effect for either or both of the following reasons:

(a) The indenture under which the Trustees purport to have authority to impose assessments, which was recorded on or about April 23, 1975, at Book 308, Page 510, Office of the Recorder of Franklin County, Missouri, was not effective as to the property at issue because plaintiff's predecessor in title purchased said property at a foreclosure sale of a deed of trust that predated the document recorded at

Book 308, Page 510, so that title to the property at issue was acquired and continues to be held, free and clear of all assessments or any other encumbrances upon the property which were subsequent to the date said deed of trust was recorded in 1969.

(b) The Lake Thunderbird restrictions under which defendants purport to have the authority to impose assessments specifically provide that assessments must be assessed by March 1 of the year in which the assessment is made, and the attempted assessment by the Trustees as shown in Exhibit B was not made by March 1 for each year for which assessments were identified. The assessment document shows on its face that defendant Trustees attempted to retroactively impose assessments for the years 1978 through 1986 with a document filed in May of 1986.

In support of its motion, plaintiff filed several exhibits, including copies of: (1) the "Assessment Creating Lien" filed by defendants; (2) the 1975 restrictions recorded in Franklin County; (3) the 1969 deed of trust from Thunderbird to G.H. Williams and his wife; and (4) the 1986 trustee's deed under which Freedom Farms took title.

Responding to plaintiff's motion for summary judgment, defendants contended that all assessments and assessment liens were made pursuant to the 1969 indenture filed at the same time as the 1969 deed of trust from Thunderbird to G.H. Williams and his wife. Defendants reasoned that the foreclosure of the deed of trust did not eliminate the assessments made pursuant to the 1969 indenture because the deed of trust was not prior in time.

Furthermore, defendants alleged that, even if the trial court found the 1969 deed of trust had been recorded prior to the recording of the 1969 indenture, plaintiff still was not entitled to summary judgment because the purchaser of the lots at the foreclosure sale was the "alter ego" or "straw party" of the mortgagor, which is an established exception to the general rule that a purchaser at a foreclosure sale acquires title to the property free and clear of all liens and encumbrances arising after the recording of the deed of trust. In support of their response, defendants argued that H. Glenn Weber and J. Steve Weber (Webers) were the sole officers of: (1) Thunderbird, the debtor under the 1969 deed of trust; (2) Freedom Farms, Inc., the record owner of several foreclosed lots; and (3) plaintiff, the subsequent grantee of the real estate acquired by Freedom Farms, Inc. under the trustee's deed.

In support of their response to plaintiff's motion for summary judgment, defendants filed several exhibits: (1) a copy of the 1969 indenture executed between Thunderbird and the trustees of the subdivision; (2) a copy of the 1969 deed of trust between Thunderbird and the original mortgagees, G.H. Williams and his wife; (3) a copy of the 1985 warranty deed conveying title to one of the lots from Landmark International to Freedom Farms; (4) a copy of the 1985 warranty deed conveying title to four of the nine lots at issue to Freedom Farms; (5) a copy of the interim registration report and abstract of corporate record filed with the Secretary of State's office demonstrating that the Webers were the sole directors and officers of Lake Thunderbird, Inc., from July 1, 1982, through the corporation's forfeiture of charter on April 21, 1986; (6) a copy of the trustee's deed whereby Freedom Farms acquired title to all nine lots at issue; (7) a copy of the abstract of corporate record and the annual registration report of Freedom Farms demonstrating that the Webers were Freedom Farms' sole directors and officers; (8) a copy of the abstract of corporate record and annual registration report of plaintiff demonstrating that Webers are the sole directors and officers of plaintiff; and (9) a copy of the deed whereby Webers, acting as "statutory trustees of Freedom Farms," transferred title to the nine lots purchased at the foreclosure sale under the 1969 deed of trust from Freedom Farms to plaintiff.

The trial court, finding no dispute of material fact, entered judgment in favor of plaintiff, declaring that "the assessments and assessment liens which defendant Trustees purported to impose by the document entitled 'Assessment Creating Lien' [were] void and of no effect." Further, the trial court found that the assessments and assessment

liens were created pursuant to authority granted to defendants under an indenture titled "Lake Thunderbird Restrictions" recorded on April 23, 1975, in Franklin County, Missouri, and that the 1975 indenture was junior in time and priority to the 1969 deed of trust from which the plaintiff derived title. The trial court reasoned that "[B]ecause the deed of trust predated the authority of the Trustees to make assessments, the foreclosure on the deed of trust eliminated the assessments [made from 1978 through 1986], along with the power of the Trustees to make assessments against the property at issue in this case." The trial court did not address defendants' "alter ego" theory.

 In their first point on appeal, defendants essentially contend that the trial court erred in granting plaintiff's motion for summary judgment because the trial court presumed that defendants derived their authority to make assessments and create assessment liens under a subdivision indenture recorded on April 23, 1975, when, in fact, defendants allege that they derived their authority from a 1969 indenture recorded at the same time as the deed of trust from which plaintiff derives title. The record demonstrates that the "Assessment Creating Lien" did not refer to any indenture, either the 1969 or the 1975. Further, the 1975 indenture, which was not executed by the grantor Thunderbird, is void pursuant to Section 442.130 of RSMo 1994, which provides that "[a]ll deed or other conveyances of land ... shall be subscribed by the party granting the same." Thus, the 1975 indenture did not authorize defendants' assessments or liens.

Plaintiff argues that a handwritten note by a deputy recorder on the first page of the 1969 indenture is a waiver of that indenture. The 1969 indenture submitted as an exhibit in support of defendants' response to plaintiff's motion for summary judgment indicates a handwritten note stating "For waiver of restrictions and rights of grantor [Thunderbird] see Vol. 308, Page 507, Apr. 23, 1975." Further, the 1975 "Lake Thunderbird Restrictions" submitted as an exhibit in support of plaintiff's motion for summary judgment demonstrates that it was recorded in Volume 308, Pages 510–512 of the Franklin County records. The last page of this exhibit contains a stamp and handwritten notations by a deputy recorder of deeds indicating that the "Lake Thunderbird Restrictions" began on Page 507 of Volume 308. Volume 308, Page 507 of the Franklin County was not submitted as part of the record on appeal. Therefore, there is no indication of a waiver of the 1969 indenture.

The trial court's reliance on the 1975 indenture was erroneous, since defendants have responded that their authority to make assessments and record assessment liens derives from the 1969 indenture and the lack of execution of the 1975 indenture. Defendants' point is meritorious.

Our disposition of defendants' first point makes it unnecessary to address their second point.

JUDGMENT REVERSED AND REMANDED.

RHODES RUSSELL, P.J., and KAROHL, J., concur.